UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ENEDEO RODRIGUEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> DRAPER, CHRISTOP CHAMBERS, MORGAN THATE, JORDAN, HALE, QUINN, INDIANA DEPARTMENT OF CORRECTION, RON NEIL, and INDIANA DEPARTMENT OF CORRECTION, <br><br> Defendants. | No. 3:25-CV-715-JTM-AZ |

## OPINION and ORDER

Enedeo Rodriguez, Jr., a prisoner without a lawyer, filed an amended complaint raising four counts. (DE # 7.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In reviewing Rodriguez's complaint, the court is guided by the Supreme Court's clarification of the pleading standards of Rule 8 of the Federal Rules of Civil Procedure: a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In Count 1, Rodriguez raises a Fourteenth Amendment claim against Officer Christop Chambers and Lt. Draper. (DE # 7 at ¶ 35.) He alleges they denied him due process in connection with a prison disciplinary proceeding where he lost good time credits. (*Id.* at ¶ 17.) Rodriguez cannot proceed on this claim because finding that he was denied due process would undermine the guilty finding of that prison disciplinary proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In Count 2, Rodiguez raises a Fourteenth Amendment claim against all defendants. (DE # 7 at ¶ 36.) He alleges they violated his equal protection rights in connection with the same prison disciplinary proceeding raised in Count 1 where he

2

lost good time credits. (*Id*. at ¶ 17.) Rodriguez cannot proceed on this claim because finding that he was denied equal protection would undermine the guilty finding of that prison disciplinary proceeding. *See Edwards*, 520 U.S. at 643.

In Count 3, Rodriguez raises First Amendment retaliation claims against Counselor Morgan Thate, Counselor Jordan, Unit Team Manager Mrs. Hale, and Sgt. Quinn. (DE # 7 at ¶ 37.) "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted).

Rodriguez alleges Counselor Jordan retaliated by sharing information about his March 2025 grievance and subsequent grievance appeal with Counselor Thate who was the target of that PREA grievance. (DE # 7 at ¶¶ 21, 23.) He asserts these were confidential and believes information about them should not have been shared. However, that belief is not reasonable. The grievance policy requires that grievances be investigated and specifically says staff involved in the grieved issue "provide necessary information during the investigation." *IDOC Offender Grievance Process,*[1] at 8. Though PREA grievances have shorter deadlines than routine grievances, Policy 00-02-301 does not classify them as confidential nor exempt them from being investigated. As such,

---

[1] Available at https://www.in.gov/idoc/files/policy-and-procedure/policies/00-02-301-Offender-Grievance-Process-9-1-2020.pdf

3

disclosure of the grievance and appeal would not "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015).

Rodriguez alleges Counselor Jordan retaliated by making his administrative remedies unavailable by not properly processing his grievance and appeal. (DE # 7 at ¶ 32.) "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause[.]" *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Though 42 U.S.C. § 1997e(a) requires exhaustion before an inmate files a lawsuit, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). Because inmates do not have a constitutional right to a functional grievance system and because making the grievance system unavailable does not prevent an inmate from filing a lawsuit, the mishandling of a grievance would not "dissuade a reasonable person from engaging in future First Amendment activity." *Perez,* 792 F.3d at 783.

Rodriguez alleges Counselor Thate retaliated by asking him why he filed a PREA complaint against her, but he gives no indication she was threatening or even rude. (DE # 7 at ¶ 22. )He alleges she retaliated by attempting to fabricate a conduct report for improperly obtaining a form, but he does not say how she did this or how far she prosecuted this fabricated allegation. (*Id*. at ¶ 24.) He alleges she retaliated by threatening him when she said, "you can only get lucky so many times," but he does not explain what he thinks she meant or how this was threatening. (*Id*. at ¶ 25.) It is not

4

plausible to infer that a reasonable person would have been dissuaded by any of these events either separately or together.

Rodriguez alleges Unit Team Manager Ms. Hale searched his cell while he was at work on August 13, 2025. (DE # 7 at ¶ 28.) He alleges Sgt. Quinn searched his cell the next day on August 14, 2025. (*Id.* at ¶ 29.) He says Sgt. Quinn told him he conducted the search because Rodriguez was being targeted and Sgt. Quinn was told "to go extra hard." *Id.* at ¶ 29. Rodriguez speculates this was in retaliation for his PREA grievance five months earlier, but he does not provide facts from which that can be plausibly inferred. Neither the comment about him being targeted nor "going hard" implicate his PREA grievance. One could also speculate (for instance) that Rodriguez was targeted for trafficking contraband and was suspected to be particularly good at hiding material so it was necessary to "go extra hard" and search him multiple times.

Rodriguez also sues Ron Neil and the Indiana Department of Correction (twice). (DE # 7 at 1.) "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The complaint makes no allegation about how Ron Neil deprived him of a constitutional right. The Indiana Department of Correction is not "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). The complaint does not state a claim against either of these defendants.

In Count 4, Rodriguez argues he needs injunctive relief to protect him from "ongoing constitutional violations." (DE # 7 at ¶ 38.) In a separately filed motion, he

5

seeks an emergency injunction. (DE # 12.) Because this complaint does not state a claim, Rodriguez has not shown a basis for any injunctive relief.

In sum, this amended complaint does not state a claim. If Rodriguez believes he can state a claim based on (and consistent with) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **DENIES** the motion for injunctive relief (DE # 12);

(2) **GRANTS** Enedeo Rodriguez, Jr. until **March 27, 2026**, to file a second amended complaint; and

(3) **CAUTIONS** Enedeo Rodriguez, Jr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the amended complaint (DE # 7) does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: February 27, 2026

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT